UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GEORGE ALEXANDER YARID,

                              Plaintiff,

v.                                           Action No. 3:10–CV–143

JEAN JACK GIBSON, ET AL.,

                              Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. No. 1), filed on March 5, 2010. Upon due consideration of the IFP application, the Motion is hereby GRANTED.

However, having reviewed the Complaint filed along with Plaintiff's application, the Court finds that the Complaint currently fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Courts must liberally construe pro se complaints. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's current allegations fail to provide each defendant with fair notice of the facts upon which his or her liability rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, Plaintiff is DIRECTED, within fifteen (15) days of the date of entry hereof, to

particularize his complaint in conformance with the following directions and in the order set forth below:

    a.    At the **very top** of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:10CV143."

    b.    The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each federal or state law allegedly violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

    c.    The particularized pleading will supplant the original complaint. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the original pleading.

The particularized complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. See Sewraz v. Guice, No. 3:08–cv–35, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008). Failure to comply strictly with the requirements set forth above will result in dismissal of the action without prejudice. See Fed. R. Civ. P. 41(b).

Let the Clerk send a copy of this Order to Yarid.

It is SO ORDERED.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

ENTERED this __11th__ day of March 2010