UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GEORGE ALEXANDER YARID,

                                                  Plaintiff,

v.                                                       Action No. 3:10–CV–143

JEAN JACK GIBSON, ET AL.,

                                                Defendants.

## FINAL ORDER

      THIS MATTER is before the Court on Plaintiff George Yarid's pro so Amended Complaint (Dock. No. 9). Yarid filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii); see also In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) (noting that pleadings by non-prisoners should also be screened). A complaint is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court also must dismiss a matter if it determines it lacks subject matter jurisdiction at any point in the proceeding. Fed. R. Civ. P. 12(h)(3). Jurisdiction in the federal courts may be based upon the existence of a federal question or upon diversity of citizenship. 28 U.S.C. §§ 1331, 1332.

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Even when considered under this less stringent standard, however, the Court need not ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.

With those principles in mind and after careful review and consideration of Yarid's allegations, the Court concludes that the Amended Complaint is subject to summary dismissal. In his Amended Complaint, Yarid asserts that four individuals have violated federal copyright law by posting his copyrighted work on the Internet without his consent. The Copyright Act provides copyright protection for "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device . . . ." 17 U.S.C. § 102(a). To prove copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying by the alleged infringer. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).

Under the Copyright Act, a copyright owner cannot bring an action for infringement of a copyright until either the copyright is registered in accordance with the relevant provisions of the Copyright Act or the Copyright Office has refused to register the copyright. 17 U.S.C. § 411(a). The provisions of 17 U.S.C. § 411(a) are jurisdictional. Xoom, Inc. v. Imageline, Inc., 323 F.3d 279, 283 (4th Cir. 2003). Here, Yarid has proffered no

evidence of copyright registration nor the denial of copyright registration. Thus, this court lacks federal question jurisdiction over Yarid's claims.

Diversity jurisdiction is also absent here. The diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). Although it appears that the parties are diverse, there is no indication that the amount in controversy exceeds the jurisdictional amount. Moreover, Yarid's only allegations concern federal copyright law, not a state law cause of action. Even if the Court could divine a state law claim from Yarid's Complaint, the Court, having dismissed the copyright claim, would decline supplemental jurisdiction over any state law claims. See id. § 1367(c)(3). Thus, because this Court lacks jurisdiction, Yarid's case is DISMISSED WITHOUT PREJUDICE and without issuance and service of process.

Yarid's Motion for Reconsideration (Dock. No. 8) is DENIED as MOOT.

Yarid is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, by filing a notice of appeal with this court within thirty days of the date of this Order.

Let the Clerk send a copy of this Order to Yarid.

It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this __2nd__ day of April 2010